UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TROY NEIL HOUGHTALING, JR., | Case No. 3:26-cv-05410-TMC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | |
| TROY NEIL HOUGHTALING, SR.; PORT OF CENTRALIA; et al., | |
| Defendants. | |

## I.      INTRODUCTION

Before the court is self-represented plaintiff Troy Niel Houghtaling, Jr.'s motion for preliminary injunction and temporary restraining order ("TRO"). Dkt. 12. For the following reasons, the motion is DENIED.

## II.     BACKGROUND

Mr. Houghtaling alleges the following. In 1995, Hazel Louise Houghtaling created an irrevocable trust "designed to protect and pass the family estate to her rightful heirs." Dkt. 8 at 5. In 2006, defendant Arthur J. Mell Jr. "facilitated a fraudulent transfer of Trust property," while "Hazel Louise Houghtaling was physically incapacitated and hospitalized." *Id.* The money from

ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION - 1

the sale of the trust property was taken from "the rightful heirs, serving as the 'seed money' for a decades-long racketeering scheme [by the defendants] involving multiple corporate shells." *Id.*

This case started on April 21, 2026. Dkt. 1. On May 13, 2026, Mr. Houghtaling was granted permission to proceed *in forma pauperis* and summons were electronically issued for the defendants. Dkts. 7, 11. On the same day, Mr. Houghtaling filed the instant motion for preliminary injunction and TRO. Dkt. 12. In the motion, he seeks to "preserve the status quo regarding" two properties located in Centralia, Washington. Dkt. 12 at 11. No defendant has yet appeared in the lawsuit, nor is there evidence in the record that any defendant has been notified or served.

### III.    LEGAL STANDARD

"The standard for a temporary restraining order is substantially the same" as for a preliminary injunction. *3BA Int'l LLC v. Lubahn*, No. C10-829RAJ, 2010 WL 2105129, at *3 (W.D. Wash. May 20, 2010). To obtain a TRO, a plaintiff must establish:

> (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest.

*Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant must make a showing for each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Additional requirements are imposed on TROs that are granted "*ex parte,*" or without notice to the other party. Under Federal Rule of Civil Procedure 65(b), "a temporary restraining order may be granted without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." *Klemmer v. Washington State Dep't of Health*, No. C08-

- 2

5135RJB, 2008 WL 11508839, at *1 (W.D. Wash. Mar. 20, 2008). "To obtain this relief, the applicant must first inform the court of attempts made to give notice to the opposing party and reasons why notice should not be required." *Id.* Local Civil Rule 65(b)(1) adds that "[m]otions for [TROs] without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). The circumstances justifying an *ex parte* TRO are extremely limited:

> The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* [TROs] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. *Ex parte* [TROs] are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974).

### IV.    DISCUSSION

Mr. Houghtaling seeks an *ex parte* TRO, as the defendants have not been provided notice. His motion is denied for the following reasons.

First, Mr. Houghtaling does not sufficiently establish a likelihood of success, as he only mentions that his case has survived "a Section 1915 screening" and asserts he has "provided evidence . . . of fraudulent transfers." Dkt. 12 at 2. Mr. Houghtaling's complaint contains several causes of action, including those made under 18 U.S.C. § 1961, 42 U.S.C. § 1983, and RCW 74.34.020. Dkt. 8 at 6–7. He does not provide the Court information as to why he is likely to succeed on any of the claims made in his complaint. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("Likelihood of success on the merits 'is the most important' *Winter* factor; if a movant fails to meet this 'threshold inquiry,' the court need not consider the other factors in the absence of 'serious questions going to the merits.'") (cleaned up). Second, Mr. Houghtaling does not address the fourth *Winter* factor. Third, Mr. Houghtaling does not

- 3

meet the high bar for *ex parte* TROs because he has not shown why notice cannot be provided to the defendants before considering his request to enjoin development or sale of the subject properties. Mr. Houghtaling is free to re-file his motion after he has served the defendants with the underlying lawsuit or at least given notice of his motion for emergency relief so that the Court can provide all parties a chance to be heard.

### V.   CONCLUSION

For the reasons explained above, Mr. Houghtaling's motion for a TRO is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 15th day of May, 2026.

Tiffany M. Cartwright
United States District Judge

,