UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY NEIL HOUGHTALING, JR.,

Plaintiff,

v.

TROY NEIL HOUGHTALING, SR.; PORT

OF CENTRALIA; et al.,

Defendants.

Case No. 3:26-cv-05410-TMC

ORDER ON PENDING MOTIONS

## I.      INTRODUCTION

Before the Court are two motions by self-represented plaintiff Troy Niel Houghtaling, Jr. One is a "motion for emergency restraining order and preliminary injunction." Dkt. 17. The other is a "motion to void state court orders." Dkt. 20. For the following reasons, both motions are DENIED.

## II.      BACKGROUND

Mr. Houghtaling alleges the following. In 1995, Hazel Louise Houghtaling created an irrevocable trust "designed to protect and pass the family estate to her rightful heirs." Dkt. 8 at 5. In 2006, defendant Arthur J. Mell Jr. "facilitated a fraudulent transfer of Trust property," while "Hazel Louise Houghtaling was physically incapacitated and hospitalized." *Id.* The money from

ORDER ON PENDING MOTIONS - 1

the sale of the trust property was taken from "the rightful heirs, serving as the 'seed money' for a decades-long racketeering scheme [by the defendants] involving multiple corporate shells." *Id.*

On May 18, 2026, the City of Centralia and "associated development contractors" "broke ground" to install "a 36-inch main sanitary sewer line extension" that "cuts through" the trust property. Dkt. 17 at 4.

This case started on April 21, 2026. Dkt. 1. On May 13, 2026, Mr. Houghtaling filed his first motion for preliminary injunction and TRO. Dkt. 12. On May 15, the Court denied his motion. Dkt. 15.

On May 20, Mr. Houghtaling filed his second motion for preliminary injunction and TRO. Dkt. 17. On May 22, Mr. Houghtaling filed his "motion to void state court orders." Dkt. 20. These two motions are before the Court. Although Mr. Houghtaling filed an affidavit of service on May 21 asserting that he had served the summons and complaint, there is no evidence in the record that the defendants have received notice of the pending motions.

### III.   LEGAL STANDARD

"The standard for a temporary restraining order is substantially the same" as for a preliminary injunction. *3BA Int'l LLC v. Lubahn*, No. C10-829RAJ, 2010 WL 2105129, at *3 (W.D. Wash. May 20, 2010). To obtain a TRO, a plaintiff must establish:

> (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities favors the plaintiff, and (4) that an injunction is in the public interest.

*Geo Group, Inc. v. Newsom*, 50 F.4th 745, 753 (9th Cir. 2022) (en banc) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The movant must make a showing for each element of the *Winter* test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Additional requirements are imposed on TROs that are granted "*ex parte,*" or without notice to the other party. Under Federal Rule of Civil Procedure 65(b), "a temporary restraining order may be granted without notice to the adverse party if it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant." *Klemmer v. Washington State Dep't of Health*, No. C08-5135RJB, 2008 WL 11508839, at *1 (W.D. Wash. Mar. 20, 2008). "To obtain this relief, the applicant must first inform the court of attempts made to give notice to the opposing party and reasons why notice should not be required." *Id.* Local Civil Rule 65(b)(1) adds that "[m]otions for [TROs] without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). The circumstances justifying an *ex parte* TRO are extremely limited:

> The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* [TROs] reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. *Ex parte* [TROs] are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974).

Lastly, a court is obligated to liberally construe filings by pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]") (citation modified).

### IV.    DISCUSSION

**A.    Mr. Houghtaling's motion for an *ex parte* TRO is DENIED.**

Mr. Houghtaling seeks an *ex parte* TRO, as the defendants have not been provided notice. For the following reasons, his motion is DENIED.

- 3

First, Mr. Houghtaling does not sufficiently establish a likelihood of success. Mr. Houghtaling's complaint contains several causes of action, including those made under 18 U.S.C. § 1961, 42 U.S.C. § 1983, and RCW 74.34.020. Dkt. 8 at 6–7. He does not provide the Court information as to why he is likely to succeed on any of the claims made in his complaint. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) ("Likelihood of success on the merits 'is the most important' *Winter* factor; if a movant fails to meet this 'threshold inquiry,' the court need not consider the other factors in the absence of 'serious questions going to the merits.'") (cleaned up). Second, Mr. Houghtaling does not meaningfully address any of the other *Winter* factors. Although he asserts that installing a sewer line extension on the property "encroaches upon the historical property, utility easements, and land rights tied to my family lineage," he does not explain that encroachment is irreparable. *See* Dkt. 17 at 4. Third, Mr. Houghtaling does not meet the high bar for *ex parte* TROs because he has not shown why notice cannot be provided to the defendants before considering his request to enjoin development or sale of the subject properties. While he claims that giving advance notice "would result in immediate, irreversible damage to the physical landscape," *id.* at 5, he again does not explain why the damage is irreversible or cannot be redressed through a later award of damages should he prevail in the lawsuit.

**B.      Mr. Houghtaling's motion to "void state court orders" is DENIED.**

Mr. Houghtaling seeks an order voiding all rulings made in a pending case before the Lewis County Superior Court made "after the filing of the Notice of Removal." Dkt. 20 at 3. He argues that these rulings are in violation of 28 U.S.C. § 1446(d). *Id.* at 1. But this federal court action was filed independently by Mr. Houghtaling—he did not remove this case from Lewis County Superior Court. *See* Dkt. 1. This Court has no authority to grant the relief he seeks, and he has shown no legal basis for this Court to enjoin a pending state court action.

- 4

## V.   CONCLUSION

Mr. Houghtaling's motion for a TRO (Dkt. 17) is DENIED. This is Mr. Houghtaling's second request for a TRO in less than a week. Because this request suffers from the same deficiencies as the first, Mr. Houghtaling is directed to review the following before submitting any new filings: (1) the entirety of this Court's order; (2) the Court's resources for pro se litigants, located at https://www.wawd.uscourts.gov/representing-yourself-pro-se; and (3) the Court's Local Civil Rules, including Local Civil Rule 101(b).

Mr. Houghtaling's motion to "void state court orders" (Dkt. 20) is denied as the Court has no authority to grant him the relief he seeks.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of May, 2026.

Tiffany M. Cartwright
United States District Judge,

- 5